UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cr-64-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| SHANNON DUSTIN RICE, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Unopposed Motion for Early Termination of Supervision. (Doc. No. 5).

## I. BACKGROUND

Defendant pled guilty in 2019 in the Eastern District of Tennessee to conspiracy to distribute and possess with to distribute five gram or more of methamphetamine. (Case No. 2:18cr34, E.D. Tenn.). His case was transferred to this Court on September 7, 2022. He now seeks termination of early supervision.

## II. DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted).

"One of the purposes of supervised release is to provide rehabilitation and oversight of the

1

offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

The Court notes that the Government has filed a response in support of terminating early supervision. Furthermore, Defendant's probation officer reports that Defendant has been compliant with all conditions of supervision, has no violations, and enjoys gainful employment. Defendant's probation officer does not oppose early termination. The Court finds that early termination is appropriate under the circumstances.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Early Termination of Supervision, (Doc. No. 5), is **GRANTED**.

Signed: August 27, 2024

Max O. Cogburn Jr
United States District Judge